## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

### WILLIAM C. LUNT *vs.* GEORGE W. COOK.

Essex.   November 9, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Levy on Equity of Redemption from Mortgage — Subsequent Purchase by
Mortgagor at Foreclosure Sale — Acquisition of Title.*

If the equity of redemption in mortgaged premises is levied upon, and afterwards
the mortgagor purchases the premises at a sale under a power in the mortgage,
the deed to him operates as a conveyance of the title and not as a discharge or
release of the mortgage, and a deed of the officer who subsequently sells the
equity of redemption previously levied upon is of no effect.

WRIT OF ENTRY, dated August 11, 1898, to recover a parcel
of land in Haverhill.  Plea, *nul disseisin.*  Trial in the Supe-
rior Court, without a jury, before *Sherman,* J., who reported
the case for the determination of this court, in substance as
follows.

The demandant offered the following evidence.

A warranty deed from William M. Bowley and others to the
tenant, dated May 15, 1897, and recorded, conveying five undi-
vided sixth parts of the demanded premises, and a deed from
George A. Hall, guardian, to the tenant, dated May 29, 1897,

and recorded, conveying one undivided sixth part of the demanded premises, and being in the form commonly used by guardians. In both of these deeds the grantee was described as George Ward Cook, trustee, and the habendum was " to the said George Ward Cook, trustee, and his heirs and assigns, to their own use and behoof forever." Neither of these deeds contained any words indicating a trust, excepting the description of the grantee as George Ward Cook, trustee. An execution issued on a judgment recovered by the demandant on April 22, 1898, against the tenant, described as George Ward Cook, in an action brought in the police court of Haverhill. It appeared by the officer's return on the execution that on February 19, 1898, he had attached all the interest of the tenant in real estate in the Southern District of Essex County, in which Haverhill is situated ; and that on May 21, 1898, he levied the execution on the tenant's right in equity of redeeming the demanded premises. Further service of this execution was then suspended on account of prior attachments. On June 21, 1898, the prior attachments having been dissolved, the officer proceeded with and completed the levy, as required by law. On July 28, 1898, he sold the tenant's right in equity of redeeming the demanded premises to Harriett L. Jewett. A deed from Fred O. Raymond, Jr., deputy sheriff, to Jewett, dated July 28, 1898, and recorded, conveying all the tenant's right in equity of redeeming the demanded premises which he had on February 19, 1898, when the same was attached. A quitclaim deed in common form of the demanded premises from Jewett to the demandant, dated August 10, 1898, and recorded. A mortgage of the demanded premises given by the tenant, described as George Ward Cook, trustee, to Bowley, dated May 29, 1897, and recorded, containing covenants of warranty and seisin, and also containing a power of sale in the ordinary form. A deed of the demanded premises under the power in the mortgage above mentioned to the tenant, described as George Ward Cook, agent, dated June 22, 1898, and recorded, and an affidavit stating that the sale under the mortgage was made on June 22, 1898. The habendum in the deed was " to have and to hold the same to the said George Ward Cook, agent, and his heirs and assigns, to their own use and behoof forever."

The tenant offered in evidence a certificate of an entry to foreclose the mortgage given by the tenant to Bowley, above mentioned.

The demandant requested the following rulings: " 1. The deeds from George A. Hall, guardian, and from William M. Bowley and others to George W. Cook, trustee, did not create an estate in trust.　2. The deeds from George A. Hall, guardian, and from William M. Bowley and others to George Ward Cook, trustee, conveyed an absolute title to George Ward Cook.　3. The evidence is not sufficient to establish a trust estate.　4. The deed from William M. Bowley to George Ward Cook, agent, dated June 22, 1898, and recorded with Essex South District Deeds, operated as a discharge of the mortgage given by George Ward Cook and mentioned in said deed.　5. The words ' trustee' and ' agent' in the deeds do not affect the construction of the deeds.　6. The words ' trustee' and ' agent' as used in the deeds have no significance, and must be rejected as surplusage.　7. As matter of law, upon the evidence the demandant is entitled to judgment.　8. As matter of law, upon the evidence the tenant is not entitled to judgment."

The judge made all the rulings requested by the demandant, except the fourth, seventh, and eighth ; and being of opinion that when the levy became complete it took effect as of May 21, 1898, and that from that date the tenant could acquire an independent title to the property by purchase from the mortgagee, found for the tenant.

The demandant excepted to the refusal to give the fourth, seventh, and eighth rulings, as requested.

If those requests were properly refused, and the finding for the tenant was correct, judgment was to be entered for him ; otherwise, judgment was to be ordered for the demandant.

*F. H. Pearl,* for the demandant.

*H. J. Cole,* for the tenant.

MORTON, J. The effect of the levy was to divest the tenant of the equity of redemption. *Capen* v. *Doty,* 13 Allen, 262. Pub. Sts. c. 172, § 45.　St. 1896, c. 464, § 1.　All that remained to the tenant was the right to redeem from the levy.　Pub. Sts. c. 172, § 32.　This was taken away by the foreclosure proceedings, and the deed under the power of sale contained in the

mortgage operated as a conveyance of the title to the tenant, and not as a discharge or release of the mortgage. The doctrine of merger does not apply. The rulings which were requested and refused were rightly refused.

*Judgment for the tenant.*